[Civ. No. 1902. Fourth Appellate District.—December 6, 1935.]

HARRY WITHROW, Appellant, v. SHAEFFER ASSOCIATES, INC. (a Corporation), et al., Respondents.

Bernard Potter and Griffith & Thornburg for Appellant.

Fred A. Shaeffer, *in pro. per.*, and David F. Hart for Respondents.

MARKS, J.—This is an action in the nature of a creditor's bill to recover from defendant Shaeffer money which was alleged to be in his possession and to have belonged to Shaeffer Associates, Inc., a judgment debtor of plaintiff. Judgment was rendered in favor of Shaeffer, the Security-First National Bank of Los Angeles, and a bank sued under the name of Bank of America of Santa Maria and named in the judgment as the Bank of America, a national banking association. The case was tried, and is argued here, upon the theory that Shaeffer alone received and retains the money in question. In this opinion we will disregard the causes of action alleged against defendants other than Shaeffer and will consider the case as though he were the sole defendant.

The Metro Grande Oil Company became obligated to pay Shaeffer Associates, Inc., a considerable sum of money, and between March 1 and July 13, 1929, paid $7,901.51 by checks which were cashed by Shaeffer and deposited in his personal bank account. Shaeffer was secretary of and attorney for Shaeffer Associates, Inc. On June 22, 1929, plaintiff commenced an action in the superior court of Los Angeles County against Shaeffer Associates, Inc., and others, not including Shaeffer, to recover $35,000 alleged to have been paid by the Metro Grande Oil Company on its obligation to Shaeffer Associates, Inc. Judgment was rendered against that corporation for $7,000. Execution was issued and returned unsatisfied and this action to subject the money of Shaeffer Associates, Inc., and received by Shaeffer, to the judgment was instituted on June 24, 1931.

The trial court found that judgment had been rendered on October 7, 1930, for $7,000 in favor of Harry Withrow and against Shaeffer Associates, Inc.; that between January 3 and July 13, 1929, the Metro Grande Oil Company had paid Shaeffer Associates, Inc., $7,950 (the evidence shows $7,901.51 paid); that Shaeffer deposited the money in his own bank account; "that it is true that said Fred A. Shaeffer, an attorney for and Secretary of said Shaeffer Associates, Inc., was, prior to the date on which payments hereinafter mentioned were made by him to creditors of said Shaeffer Associates, Inc., specifically authorized by resolution of the Board of Directors of said Shaeffer Associates, Inc., to make payments, and that said payments were made pursuant to such authority and not otherwise or at all or as alleged in said complaint"; "that pursuant to said resolution and authorization and order of said Board of Directors said Fred A. Shaeffer did pay out said sum of money, to-wit, the sum of Seven Thousand Nine Hundred Fifty Dollars ($7,950.00) to the then existing creditors of said Shaeffer Associates, Inc.; that said Fred A. Shaeffer paid out of his account in the Security First National Bank of Los Angeles to the then existing creditors of said Shaeffer Associates, Inc., sums of money greatly in excess of said sum of Seven Thousand Nine Hundred Fifty Dollars ($7,950.00) and paid out to said then existing creditors approximately Sixteen Thousand Dollars ($16,000.00)"; that it is not true that Shaeffer received the money, deposited it in his own bank account and paid it out to the creditors of Shaeffer Associates, Inc., to hinder, delay, or defraud plaintiff or any other creditor or creditors of Shaeffer Associates, Inc.

We have studied the record and find that there was evidence before the trial court supporting the foregoing findings. This evidence consists of the testimony of Shaeffer and of canceled checks and notes, together with some fragmentary memoranda of accounts produced by him.

While plaintiff argues the cause from several angles his real contention is that the evidence is not sufficient to support the findings and judgment. He is of the opinion that Shaeffer's evidence is not worthy of belief because of his manner of testifying and for the further reason that he produced no books or records of Shaeffer Associates, Inc.,

nor any written evidence of the bills or accounts paid by his checks and notes. Shaeffer testified that he had given all the corporation records to Langdon, an officer and the manager of the corporation; that Langdon had disappeared and the records could not be found.

The trial judge accepted the evidence of Shaeffer as true. He is the judge of the weight and sufficiency of the evidence and the credibility of the witnesses. There being material and competent evidence in the record supporting the findings, and as the findings support the judgment we cannot disturb it on appeal.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 3, 1936.